[No. 20970.   Department One. — March 7, 1893.]

# THE PEOPLE, RESPONDENT, v. HENRY FICE, APPELLANT.

CRIMINAL LAW — ROBBERY — ALIBI — IDENTITY OF ROBBER — CONFLICT OF EVIDENCE — EFFECT OF VERDICT. — In a criminal prosecution for robbery, where there was positive evidence before the jury on the part of several witnesses that the defendant was the individual who committed the offense charged, a verdict of guilty must be deemed to have determined any conflict of evidence concerning the defense of *alibi*, or as to the identity of the robber with the person accused.

ID. — NEGLECT TO REQUEST INSTRUCTION OMITTED. — The failure of the court, in a criminal prosecution, to instruct the jury upon any proposition deemed essential by the defendant is not error, where no request is made for such instruction.

ID. — NEW TRIAL — NEWLY DISCOVERED EVIDENCE — COUNTER-AFFIDAVITS — DISCRETION. — It is not an abuse of discretion for the trial court to deny a motion for a new trial in a criminal prosecution, made upon the ground of newly discovered evidence, where the affidavits offered in support thereof are fully contradicted by counter-affidavits on the part of the prosecution.

ID. — DENIAL OF NEW TRIAL — ADDITIONAL AFFIDAVIT OF NEW EVIDENCE. — Where the court has already denied a motion for a new trial, a motion of the defendant to be allowed to file an additional affidavit in support of his motion, upon the ground of newly discovered evidence, is properly refused, especially where no affidavit of the witness by whom the facts could be shown was introduced.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*D. A. O'Connell*, for Appellant.

*Attorney-General W. H. H. Hart*, and *Deputy Attorney-General Charles H. Jackson*, for Respondent.

HARRISON, J. — The defendant was convicted in the superior court of robbery, and sentenced to the state prison for the term of ten years. Thereafter he moved for a new trial, upon the grounds that the court had erred in its instructions to the jury, that the verdict was contrary to the evidence, and upon newly discovered

evidence.    The motion was denied, and he has appealed to this court.

In support of the first ground, it is urged that the defendant was not sufficiently identified as the person who committed the robbery, and that the evidence showed that at the time of the robbery he was confined to his residence by sickness.    There was, however, positive evidence before the jury on the part of several witnesses that the defendant was the individual who committed the offense, and their verdict must be deemed to have determined any conflict of evidence concerning the *alibi* or as to his identity.

The instructions of the court are not in the record, and we cannot determine whether it committed any error.    The failure of the court to instruct upon any proposition deemed essential by the defendant is not to be regarded as error, unless he made a request for such instruction.

Upon the ground of newly discovered evidence it is sufficient to say that the affidavits offered in support thereof were fully contradicted by counter-affidavits on the part of the prosecution, and for that reason the court below exercised a proper discretion in refusing to grant the motion.

The motion to be allowed to file an additional affidavit in support of this ground, after the motion for a new trial had been denied, was properly refused by the court, both for the reason that it had already denied the new trial, and also for the reason that an affidavit of the witness by whom the facts could be shown was not itself produced.

The judgment and order are affirmed.

Paterson, J., and Garoutte. J., concurred.