[Crim. No. 956. In Bank.—February 2, 1904.]

THE PEOPLE, Respondent, v. GEORGE WALKER, Appellant.

CRIMINAL LAW—EMBEZZLEMENT—REVERSAL OF JUDGMENT FOR IMPROPER ARRAIGNMENT—MOTION FOR NEW TRIAL.—Upon a conviction for embezzlement, where a motion for a new trial was made and denied, and the judgment was reversed for improper arraignment therefor, with direction for a proper arraignment, the right to move for a new trial had been exercised and exhausted, and the court properly refused to entertain another motion therefor.

ID.—APPEAL FROM JUDGMENT—REVIEW—BILL OF EXCEPTIONS.—Upon appeal from the second judgment, after proper arraignment, this court may, without reference to any motion for a new trial, consider and review any of the grounds of exceptions mentioned in section 1170 of the Penal Code, which may be embodied in a bill of exceptions, as provided in section 1171, including exceptions to decisions of the court in admitting or rejecting testimony.

ID. — SPECIFIC CHARGE OF EMBEZZLEMENT — IMPROPER TESTIMONY — SHORTAGE IN ACCOUNTS.—Where the only charge made was of the specific offense of embezzling a particular sum of money, the amount of a certain check belonging to a corporation of which defendant was the agent and servant, it was prejudicial error to admit testimony to show a shortage in the general balance of his accounts with the corporation, in which the money charged to have been embezzled was not included. [Shaw, J., Henshaw, J., and Van Dyke, J., dissenting.]

ID.—SUFFICIENCY OF INFORMATION—EXISTENCE OF CORPORATION—POSSESSION AND CONTROL OF MONEY EMBEZZLED.—Held, that the information sufficiently shows the existence of the corporation whose money the defendant was charged with embezzling, and that the money embezzled had come into the possession and control of the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. William T. Wallace, Judge, rendering original judgment. Frank H. Dunne, Judge, rendering judgment appealed from.

The main facts are stated in the opinion of the court. The information charged that the defendant, George Walker, on or about the first day of July, A. D. 1895, "was the clerk, agent, and servant of the American Tract Society, a corpora-

tion, then and there formed, organized, existing and doing business, in said city and county of San Francisco, under and by virtue of the laws of the state of New York, and then and there, by virtue of his said employment as such clerk, agent, and servant, there came into the possession, care, custody, and control of him, the said George Walker, eighty dollars and thirty-five cents, lawful money of the United States, . . . the personal property of the said American Tract Society, a corporation aforesaid, and he, the said George Walker, after the said personal property had come into his possession, care, custody, and control as aforesaid did then and there . . . unlawfully, fraudulently, and feloniously convert, embezzle, and appropriate the same to his own use,'' etc.

George D. Collins, for Appellant.

U. S. Webb, Attorney-General, and Osgood Putnam, for Respondent.

McFARLAND, J.—The defendant was charged with the crime of embezzlement by an information filed in the superior court on November 24, 1897, and on January 11, 1898, he. was convicted of said crime. On February 6, 1898, he was brought into court for judgment, and before judgment duly made a motion for a new trial upon all the statutory grounds, and after hearing the argument the motion for a new trial was by the court on the said day denied. Thereafter on said day the court pronounced judgment, and sentenced him to imprisonment in the state prison at Folsom for four years. No appeal was ever taken by defendant from the order denying the new trial, and no appeal was taken, or attempted to be taken, from the judgment for more than a year after it was pronounced. The judge before whom the case was tried and who denied the motion for a new trial afterwards went out of office, and the subsequent proceedings hereinafter mentioned were before his successor. On June 9, 1899, after the time for appeal from the judgment had expired, defendant made several motions in the superior court, and, among others, to be discharged from imprisonment on the ground that the information was insufficient because it did not state facts constituting a public offense, etc.; also to vacate the judgment

because defendant had not been properly arraigned for judgment, and "to correct the judgment and minute entry, to wit: to make the said judgment and minute entry show the defendant was not arraigned for judgment, instead of showing, as it did, that he was so arraigned." On June 9, 1899, the superior court denied all said motions; and from the orders denying them defendant appealed to this court. Upon that appeal this court held that the orders, or at least some of them, were appealable as orders made after final judgment. It further held that the orders denying the motions to correct the minutes and vacate the judgment were erroneous, and reversed the same, and remanded the cause, with directions to the superior court to arraign the defendant for judgment. (*People* v. *Walker,* 132 Cal. 137.) After the *remittitur* had gone down "the defendant was on the third day of April, 1901, arraigned for judgment according to law." Thereupon defendant made a motion for a new trial upon nearly all the statutory grounds. The court refused to entertain said motion on the ground that the court was without power to entertain the second motion for a new trial, as a motion for new trial had already been made and denied as hereinbefore stated; and afterwards, on August 26, 1901, pronounced judgment sentencing defendant to imprisonment in the state prison at San Quentin for a term of one year. From this judgment the present appeal is taken by defendant. And, treating the refusal of the court to entertain his motion for a new trial as an order denying it, he also appeals in form from what he designates as "the order of said superior court denying and refusing said defendant's motion for a new trial."

The court was right in refusing to entertain the second motion for a new trial. The former motion had been properly made, and at the right time,—to wit, "before judgment," as provided in section 1182 of the Penal Code. The motion had been duly heard and denied, and no appeal had been taken from the order denying it; and the right to move for a new trial had thus been exercised and exhausted. Of course, this is entirely different from the case where a motion for a new trial has been by the trial court granted, or on appeal an order denying the motion has been reversed and a new trial ordered, and a new trial has taken place; in that instance, after the

granting of a new trial, the case stands as though no trial had ever been had, and upon the conclusion of the second trial a motion for a new trial would be as regularly in order as at the conclusion of the first trial. But with reference to, and in connection with, and for the purpose of reviewing any particular trial of a case, there can be only one motion for a new trial. For the purpose of a convenient form of judgment herein we will treat the order of the court refusing to entertain said motion as an order denying the same; and the order appealed from is affirmed.

But in *People* v. *Keyser*, 53 Cal. 183, approved in *Walker* v. *Superior Court*, 135 Cal. 369, it was held that on an appeal from the judgment a defendant, without having made a motion for a new trial, may rely on any of the grounds of exceptions mentioned in section 1170 of the Penal Code, although in such case he must have a bill of exceptions as provided in section 1171. Said section 1170 provides for exceptions to decisions of the court, among other things, "in admitting or rejecting testimony, or in deciding any question of law not a matter of discretion." And the bill of exceptions in this case shows a ruling in admitting testimony which we think was clearly erroneous and prejudicial. Appellant was charged with the specific offense of embezzling a particular sum of money,—to wit, $80.35,—which was the amount of a certain check. This money was charged to have been the property of a certain corporation called the American Tract Society, of which appellant was averred to have been the agent and servant. At the trial the prosecution introduced as a witness one John Crawford, an expert accountant, and over the objection of appellant he was allowed to testify that he had examined the books of said corporation, and that these books showed that there was a general balance due from appellant to the corporation of about four thousand dollars, or, as counsel calls it, a shortage. The admission of this testimony was erroneous. It has been held that in prosecutions for certain offenses—as, for instance, embezzlement and forgery—evidence may be introduced of other specific offenses of the same kind as the one charged, committed by the defendant at or about the time of the alleged commission of the offense for which he is being tried,—as evidence to show guilty knowledge or intent. This rule, however, is an exception to the

general principle that on a trial for one offense evidence that the defendant committed another offense is not admissible; and the application of the exception should be closely kept within proper bounds. In the case at bar the said testimony objected to was not of any other embezzlement; it was simply of a general indebtedness, and it appears affirmatively that the $80.35 charged to have been embezzled was not included in the general balance which the books showed. The testimony was therefore clearly not within the exception above stated. And it certainly does not appear that the testimony was not prejudicial to appellant; on the other hand, it can hardly be imagined that it did not have such prejudicial effect upon the minds of the jury. For this reason the judgmen' must be reversed.

Appellant contends that the information is fatally defective; but assuming that this point can be raised on this appeal, the contention is not maintainable. The information sufficiently shows that the American Tract Society was an existing corporation; and the averment that the money charged to have been embezzled "had come into" the possession, control, etc., of appellant was sufficient on that subject. (*People* v. *Ward*, 134 Cal. 303.) There are some other objections to the information which, in our opinion, are not well grounded and do not call for special notice.

The judgment appealed from is reversed and the cause remanded for a new trial.

Beatty, C. J., concurred in the judgment.

ANGELLOTTI, J., concurring.—I concur in the reversal of the judgment upon the ground that the evidence as to the general shortage was improperly admitted, and also concur in what is said in the opinion of Mr. Justice McFarland in regard thereto.

I am not, however, satisfied, owing to the peculiar language of our statute, (Pen. Code, sec. 1201,) that the defendant did not have the right when arraigned for judgment under the mandate of this court (*People* v. *Walker*, 132 Cal. 137, 143), to show, "for cause against the judgment . . . that he has good cause to offer . . . for a new trial," notwithstanding the fact that he had, prior to the giving of the judgment

that was subsequently vacated, made a motion for a new trial. The reversal of the judgment on the other ground renders this question immaterial, and I therefore refrain from expressing any opinion thereon.

LORIGAN, J., concurring.—I am not prepared to say that the defendant was not entitled to move for a new trial.

I am satisfied, however, that it was prejudicial error to admit the testimony concerning the general balance shown by the books of the corporation to be due from the appellant.

On that point, and on all others, save the matter of the right of defendant to move for a new trial, I fully agree with the reasoning and conclusion reached by Justice McFarland and concur in the judgment of reversal.

SHAW, J., dissenting.—I dissent. The evidence of the shortage was material and competent evidence for the prosecution, irrespective of the question whether or not it was admissible to show other embezzlements. It will not be disputed that evidence which has a legal tendency to prove the crime charged is not rendered inadmissible by reason of the fact that it may also have a legal tendency to prove some other offense. (*People* v. *Sanders,* 114 Cal. 230; *People* v. *Ebanks,* 117 Cal. 652.) The defendant was charged with the embezzlement of the sum of $80.35. It was shown by the testimony of Elizabeth Stevens that he had received the money in question and had appropriated it to his own use. It was necessary to show that this appropriation was with a fraudulent intent to deprive the owner thereof. It was also necessary to show that he had no right to appropriate it. Nothing is presumed in favor of the prosecution. Every reasonable doubt of the defendant's innocence must be excluded by the evidence, or his guilt is not established.

It appeared that there was a general account between the defendant and the Tract Society. If upon this account money was at the time due to the defendant he would have had the right to apply it in payment, *pro tanto,* upon the amount due, and thereupon to appropriate it to his own use. And if he failed to make the entry the law would make the application for him and set off one debt against the other. If, on the other hand, the balance of the account was against him, he

would have no such right.  The evidence was admissible to
show, and it did show, the general fact, and nothing more,
that the balance was against him in the sum of four thousand
dollars, and that, consequently, he had no right to appropriate
the money to his own use.  It may be that the prosecution
could have rested this point upon the legal principle that
an agent cannot lawfully appropriate to his own use the
money of his principal.  But where, as in this case, it appears
that there is a running account between them, on which the
defendant may have advanced more than was due from him,
and thereby have acquired the right to reimburse himself
from moneys subsequently received, it is clearly proper for
the prosecution to rebut the inference of such a possibility
by showing that the state of the account was such that there
was no money due from the principal.

It was also proper to show the state of the account at
the time of the appropriation and the amount of the balance
against the defendant, in order to prove his motive and fraud-
ulent intent in appropriating the money.  If one receives
money belonging to another to whom he is already indebted
in the sum of four thousand dollars, and thereupon appro-
priates such money to his own use, the inference that he in-
tended to deprive the owner thereof is certainly much stronger
than it would be if he did not owe the other person anything
or only a small sum.  If there was an account between them
on which the balance was very small, he might with some
plausibility urge the claim that he was uncertain about the
matter and believed that there was a balance in his favor,
and in that belief innocently use the money for his own
benefit.  But such a claim would receive but little credit if
the account showed a large sum against him.  The evidence
therefore had a legal tendency to prove the intent, and to
rebut any inference of an innocent intent, and was admissible
for that purpose.  "As a general rule, great latitude is allowed
in the range of evidence when the question of fraud is in-
volved."  "It is hardly ever possible to prove fraud, except
by a comprehensive and comparative view of the actions of
the party to whom the fraud is imputed, and his relative
position a reasonable time before, at, and a reasonable time
after the time at which the act of fraud is alleged to have
been committed."  (*Reeves* v. *State,* 95 Ala. 31; *Snodgrass* v.

*Branch Bank,* 25 Ala. 175.[1])   I do not understand that the majority of the court disagree with the above views.

I agree with the conclusion that there can be but one motion for a new trial between verdict and judgment.   The application must be made before judgment.   (Pen. Code, sec. 1182.)   It may be made at any time after verdict and before judgment.   When the defendant is finally arraigned for judgment, if he has already made his motion for new trial and the same has been denied, he then has not the right to again present the questions decided upon the motion as reasons why judgment should not be pronounced.   They no longer constitute "legal cause" within the meaning of that phrase as used in the Penal Code (sec. 1200), and no longer constitute cause for new trial under subdivision 2 of section 1201 of the Penal Code.

I am of the opinion that the judgment should be affirmed.

Henshaw, J., and Van Dyke, J., concurred.

Rehearing denied.