[Crim. No. 425.   First Appellate District.—April 25, 1913.]

THE PEOPLE, Respondent, v. HAROLD F. INGERSOLL, Appellant.

CRIMINAL LAW—SUBMISSION TO JURY OF QUESTION WHETHER WITNESS SHALL BE SUBPOENAED.—A defendant in a criminal case, who stands by and permits the court to submit to the jury the question whether or not a certain person shall be subpoenaed as a witness in his behalf, will not be heard to complain thereof on appeal.

ID.—ORDER DENYING NEW TRIAL—MOTION BY DEFENDANT TO VACATE.—The motion of the defendant in a criminal case to set aside an order refusing a new trial is properly denied; the law does not authorize him to make such a motion or give the trial court jurisdiction to hear and determine the same.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

James F. Johnson, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

LENNON, P. J.—The defendant was informed against for the crime of robbery.   He was convicted, and this appeal is from the judgment and from an "order denying defendant's motion to vacate and set aside order denying defendant's motion for a new trial."

On behalf of the defendant it is insisted that the trial court erred to the prejudice of the defendant in submitting to the jury the question as to whether or not a certain person should be subpoenaed to testify as a witness for the defendant.   Apparently the trial court did submit such a question to the

jury, but we are at a loss to conceive how such procedure prejudiced the defendant. Evidently the court acted in the matter with the acquiescence of counsel for the defendant. However that may be, neither the judge nor jury could have prevented the witness in question from being subpoenaed to testify upon behalf of the defendant, and the judge's consent was not a necessary prerequisite to the issuance of a local subpoena. If the suggested witness was possessed of knowledge which would have been material to the defendant's defense it was the privilege and duty of counsel for the defendant to have procured a subpoena for the witness regardless of the wishes of the trial judge or the opinion of the jury as to the necessity therefor. If counsel for the defendant, upon a proper showing, had requested a continuance of the trial for the purpose of procuring a prospective witness the situation would be different, but this he did not do. On the contrary, he stood idly by and without objection permitted the trial court to submit to the jury a question which he should have decided for himself. Under these circumstances the defendant will not now be heard to complain. Whether or not the defendant's motion for a new trial was properly denied is a question which cannot be considered for the reason that no appeal was taken from the order denying the defendant a new trial.

The defendant's motion to vacate and set aside the order denying a new trial was properly denied. We know of no rule of law, statutory or other, which authorizes the defendant to make such a motion, or which gives the lower court jurisdiction to hear and determine the same. The motion to vacate the order granting a new trial was based upon allegations of newly discovered evidence, and was in effect a second motion for a new trial. The defendant had previously and within the time allowed by law interposed a motion for a new trial, which was duly heard and denied. "The right to move for a new trial had thus been exercised and exhausted." (*People* v. *Walker*, 142 Cal. 90, [75 Pac. 658].) Obviously such right could not be revived and retried under the guise of a motion to vacate.

The judgment appealed from is affirmed, and the appeal from the order above designated is dismissed.

Kerrigan, J., and Hall, J., concurred.