[Crim. No. 1104.  Second Appellate District, Division One.—July 18, 1924.]

THE PEOPLE, Respondent, v. ARTHUR COOK, Appellant.

[1] CRIMINAL LAW—GRAND LARCENY—PRODUCTION OF EVIDENCE—INSTRUCTION—ABSENCE OF PREJUDICIAL ERROR.—The law is correctly stated in an instruction "that the prosecution is not required to call as its own witnesses all persons who are shown to be present, or who may appear to have some knowledge of the matters here on trial, nor is the prosecution required to produce as exhibits all objects or documents which have been referred to in, or the existence of which may have been suggested by, the testimony in the case"; and in this prosecution for grand larceny, while it may be that the facts in the record did not make it necessary to give such an instruction, the giving of it is not shown to have been a prejudicial error.

[2] ID.—CIRCUMSTANTIAL EVIDENCE — INSTRUCTIONS — FAILURE TO REQUEST — WAIVER—APPEAL.—In such prosecution, if the defendant desired the jury further instructed upon the weight and effect to be given circumstantial evidence after the giving by the trial court of two instructions upon the subject of circumstantial evidence, to which instructions no objection is made, it was his duty to request the trial court to so instruct the jury, and in the absence of a request on his part, for such an instruction, he cannot complain of the failure of the court to so charge the jury.

[3] ID.—NEW TRIAL—DISCRETION—APPEAL.—In such prosecution, defendant's motion for a new trial, upon the ground of newly discovered evidence, was addressed to the sound discretion of the trial

1. See 7 Cal. Jur. 930; 8 Cal. Jur. 321, 628; 28 R. C. L. 583; 8 R. C. L. 84; 2 R. C. L. 256.

2. See 8 Cal. Jur. 309; 14 R. C. L. 795.

3. See 20 Cal. Jur. 81; 20 R. C. L. 290.

judge, and his action thereon will not be disturbed where the record shows nothing which would justify the holding that the trial judge did abuse such discretion.

---

(1) 16 C. J., p. 845, sec. 2132, p. 846, sec. 2132 (Anno.); 17 C. J., p. 339, sec. 3688. (2) 16 C. J., p. 1059, sec. 2501. (3) 16 C. J., p. 1182, sec. 2708; 17 C. J., pp. 248, 252, sec. 3589.

APPEAL from an order of the Superior Court of Los Angeles County and from an order denying a new trial. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. R. Simon and C. B. Conlin for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and John L. Flynn for Respondent.

CURTIS, J.—The defendant was found guilty of the crime of grand larceny. He bases his appeal, from the judgment and order of court denying his motion for a new trial, upon the action of the court in giving certain instructions offered by the people, and in denying his motion for a new trial made on the ground of newly discovered evidence.

[1] The first instruction objected to by defendant was as follows: "The court instructs the jury that the prosecution is not required to call as its own witnesses all persons who are shown to be present, or who may appear to have some knowledge of the matters here on trial, nor is the prosecution required to produce as exhibits all objects or documents which have been referred to in, or the existence of which may have been suggested by, the testimony in the case." The law is correctly stated in this instruction. (*People* v. *Robertson,* 67 Cal. 646 [8 Pac. 600]; *People* v. *Johnson,* 13 Cal. App. 776 [110 Pac. 965]; 16 Cor. Jur. 845, sec. 2132.) While it may be that the facts in the record did not make it necessary to give such instruction, the giving of it is not shown to have been a prejudicial error.

The court gave two instructions upon the subject of circumstantial evidence. No objection is made to either of these instructions or to any statement of the law contained therein, but defendant contends that the court should have gone fur-

ther and should have either stated in those instructions or given a separate instruction to the effect ''that, where the prosecution relies for conviction upon circumstantial evidence alone, the prosecution must show by the evidence, beyond a reasonable doubt, that the alleged facts and circumstances are true, and that they must be such facts and circumstances as are absolutely incompatible upon any reasonable hypothesis other than that of the guilt of the accused.'' Defendant does not claim that he proposed any modification of the instructions as given by the court, nor that he proposed any instruction embodying the statement of law which he now complains the court omitted from the instructions given, but contends that the court, inasmuch as it attempted to instruct the jury upon the subject of circumstantial evidence, should have fully covered the subject and, of its own motion, should have instructed the jury fully upon the weight and effect to be given to circumstantial evidence. This contention of the defendant cannot be maintained. [2] If he desired the jury further instructed upon the weight and effect to be given circumstantial evidence it was his duty to request the court to so instruct the jury. In the absence of a request on his part, for such an instruction, he cannot complain of the failure of the court to so charge the jury. (8 Cal. Jur., p. 310; *People* v. *Balkwell,* 143 Cal. 259–264 [76 Pac. 1017]; *People* v. *Williams,* 184 Cal. 590–594 [194 Pac. 1019].) The precise question was before the court in the case of *People* v. *Balkwell, supra,* and was disposed of in the following language: ''Complaint is made that the court did not instruct upon the nature and value of circumstantial evidence; but as defendant asked for no instruction upon this point, she cannot be heard to complain.''

[3] Defendant's motion for a new trial, upon the ground of newly discovered evidence, was addressed to the sound discretion of the trial judge, and his action thereon will not be disturbed unless the record shows an abuse of discretion on his part. We have examined the record in this case and we discover nothing therein which would lead us to hold that the trial judge abused the discretion with which the law invests him.

The judgment and order denying a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.