[Crim. No. 2174. Second Appellate District, Division Two.—May 10, 1932.]

THE PEOPLE, Respondent, v. JOHN F. PAYSEN, Appellant.

398

Larsen & Shaw for Appellant.

U. S. Webb, Attorney-General, Alberta Belford, Deputy Attorney-General, and Frank W. Stafford for Respondent.

FRICKE, J., *pro tem.*—Appellant was tried by a jury and convicted of burglary in the second degree, after having suffered a prior conviction of grand larceny. A motion for a new trial was denied and thereafter appellant made a second motion for a new trial, and, that being denied, made application for a writ of *coram nobis,* which was also denied.

Appellant's first assignment is that the court erred in receiving in evidence the testimony of the complaining witness given by her at the preliminary examination over the objection that such testimony was hearsay "ambiguous and unintelligent", that the defendant was taken by surprise as he had expected the witness to be present in person and that, had he known otherwise, he would have taken her deposition to clear up certain points in the witness' testimony. Before the testimony of the complaining witness was introduced in evidence the prosecution proved that this witness was outside of the state of California, to wit, in the state of Arizona, and no objection was made that such a foundation for the reading of the testimony had not been laid. The objection that such testimony was hearsay and therefore inadmissible is fully answered by the express provisions of section 686 of the Penal Code and a long line of decisions to the effect that where a witness who has testified at the preliminary examination and has been cross-examined by the defendant cannot with due diligence be found within the state, such testi-

mony may be read and received as evidence at the trial. The surprise of appellant at the absence of the witness would not furnish any ground for excluding such testimony, and the objections that the testimony of the witness was "ambiguous and unintelligent", if the testimony were subject to such criticism, could only affect its weight and not its admissibility. This testimony being admissible and establishing the *corpus delicti,* the further point of appellant, that certain extrajudicial statements of the accused were received without competent proof of the *corpus delicti,* is without merit.

 Appellant contends that his second motion for a new trial was improperly denied. This motion was based upon alleged newly discovered evidence. No appeal was taken from the order of September 18, 1931, denying appellant's first motion for a new trial, the notice of appeal herein having been given on November 7th, the date of the denial of the second motion. Not only is the appeal obviously one from the order of November 7th, but it came entirely too late to operate as a notice of appeal from the order denying the first motion for a new trial. Furthermore, the statement of appellant of his third point specifically shows that he is complaining only of the order denying the second motion. The point is without merit, for it is well settled in this state that when the trial court has made its order denying a motion for a new trial "the right to move for a new trial had thus been exercised and exhausted". (*People* v. *Ingersoll,* 21 Cal. App. 763 [132 Pac. 1052]. See, also, *People* v. *Martin,* 199 Cal. 240 [248 Pac. 908]; *People* v. *Prudencio,* 93 Cal. App. 241 [269 Pac. 698]; *People* v. *Walker,* 142 Cal. 90 [75 Pac. 658]; *People* v. *Center,* 61 Cal. 191; *People* v. *Lum,* 61 Cal. 538; *People* v. *Fice,* 97 Cal. 459 [32 Pac. 531]; *People* v. *Wessel,* 98 Cal. 352 [33 Pac. 216].) Once a motion for a new trial has been ruled upon in a criminal case and an order made either granting or denying such application, the only remedy for the party deeming himself aggrieved is by an appeal from such order, for the court is without authority to entertain a subsequent motion the object of which is to change or vacate its former order. While there is sometimes an exception to this rule in cases where the order on the motion was made inadvertently or where the defendant is not sentenced within the time pro-

vided by section 1191 of the Penal Code and the case falls within the provisions of section 1202 of the same code, there is nothing in the case at bar which brings it within either of these exceptions and the second motion for a new trial was therefore properly denied.

The testimony of the complaining witness, Anna Porter, by whom the *corpus delicti* was established, was that she resided in the Mariner Arms Apartments in the city of Long Beach; that she lost a purse containing $29.95, some medicines, a fever thermometer, her driver's licenses in two states and some other articles; that she last remembered having her purse when she returned home on the night in question and took her key out of it to enter the apartment building; that she had no distinct recollection of so doing, but that it was her universal custom to lay her purse on the mantel; that when she went to the mantel the next morning she found her key there but no purse; that also on this morning she found her door unfastened, but that she did not definitely recall locking it the night before, and that she had given no one permission to enter her apartment or to take anything therefrom. The basis for the second motion for a new trial and the application for a writ of *coram nobis* is an affidavit of the complaining witness wherein she deposes that she does not remember having her purse after entering the Mariner Arms Apartments on the night in question and that it might be possible that she lost the purse before entering the apartment house on that occasion. The latter statement as to a possibility is, of course, not a statement of fact and could have no part in determining either of the motions before the court. The statement in the affidavit that affiant did not, at the time of making the affidavit, remember having had her purse after entering her apartment is practically and at best the same as the statement in her testimony that her last recollection of having the purse was when she took her key therefrom to unlock the door. Hence the affidavit is no more than a reiteration, in a slightly different form, of the evidence at the trial. Since this lack of recollection of the location of the purse after the complainant entered her apartment appears in her testimony at the preliminary examination, which was read at the trial, the court was warranted in denying a new trial upon two grounds: (1) that the competent portion of the evidence contained in

the affidavit, had it been introduced at the trial, was not such as would have rendered a different result probable, and (2) that the evidence was not newly discovered, but was known to the defendant from the time of the preliminary examination.

The granting of a new trial on the ground of newly discovered evidence rests in the sound discretion of the trial court (*People* v. *Radz,* 119 Cal. App. 435 [6 Pac. (2d) 527] ; *People* v. *Oxnam,* 170 Cal. 211 [149 Pac. 165]). A new trial should not be granted on this ground unless the showing is such as to render a different result probable (*People* v. *Radz, supra; People* v. *Buckley,* 143 Cal. 375, 392 [77 Pac. 169] ; *People* v. *Ledbetter,* 106 Cal. App. 109 [288 Pac. 832], and cases cited; *People* v. *Malone,* 117 Cal. App. 629 [4 Pac. (2d) 287] ; *People* v. *Jenkins,* 118 Cal. App. 115 [4 Pac. (2d) 799]) ; and a denial of such a motion will not be disturbed on appeal unless there appear an abuse of discretion on the part of the trial court (*People* v. *Oxnam, supra; People* v. *Cook,* 68 Cal. App. 186 [228 Pac. 733] ; *People* v. *Staigers,* 92 Cal. App. 628 [268 Pac. 923]).

It is clear that appellant knew the mental uncertainty of the complainant as to when she had last seen her purse for at least some time prior to the entry of his plea on May 20, 1931. The trial was several times continued and not actually begun until September 3d. In the meantime appellant twice changed counsel and two of the three continuances of the trial were at his request. While the short period of time between the employment of counsel who tried the case and the trial might excuse their failure to secure evidence, the burden of exercising due diligence rested upon appellant himself. He had no assurance that the complaining witness would be alive and present at the trial, other than the assumption, based on her having testified at the preliminary hearing, that she would be there. That assumption does not excuse his failure to secure the testimony of the witness. (*People* v. *Carson,* 49 Cal. App. 12, 15 [192 Pac. 318].) It also appears from the record that the witness was in the city of Long Beach and at the Mariner Arms Apartments as late as the month of August, and no excuse is offered for the failure to secure further testimony from her, if such was desired, under the provisions of section 1335 et seq. of the Penal Code, especially since the record shows that at the pre-

liminary examination the witness had declared that it was her intention to go to the state of Arizona. ▪ A defendant is not entitled to a new trial on the ground of newly discovered evidence when by the exercise of due diligence such evidence could have been produced at the trial (*People* v. *Walton,* 97 Cal. App. 782 [276 Pac. 426]; *People* v. *Staigers, supra; People* v. *Freeman,* 92 Cal. 359 [28 Pac. 261]; *People* v. *Byrne,* 160 Cal. 217 [116 Pac. 521]); and evidence known to a defendant for a period of several months before the trial cannot form a basis for a motion for new trial on that ground.

▪ For the reasons stated, appellant's motion for a new trial was without merit. The reasons which warranted a denial of that motion on the merits also called for a denial of the motion for a writ of *coram nobis.* (1 Freeman on Judgments, sec. 94; 5 Ency. of Pl. & Pr., p. 27.) This writ was also properly denied because "where remedies exist by statute which did not exist at common law, the office and function of the writ are abridged thereby and in such cases the writ is unavailable. These remedies are the right to appeal and to make a motion for a new trial, and where they are provided by statute, to that extent an application for a writ of *coram nobis* cannot be entertained. It is in those cases where the defendant has been denied a trial upon the merits, in other words, where there has been no trial at all, that relief of this kind may be granted." (*People* v. *Mooney,* 178 Cal. 525, 529 [174 Pac. 325, 327]; *People* v. *Sandoval,* 200 Cal. 730, 737 [254 Pac. 893].) ▪ The coming into existence of the remedies of appeal and motion for a new trial supplanted the ancient writ of *coram nobis* to the extent that this writ ceased to be applicable to those errors which may be corrected by those statutory remedies. (*People* v. *Reid,* 195 Cal. 249, 255 [36 A. L. R. 1435, 232 Pac. 457].) In the case last cited it was argued by appellant that where the facts upon which the application for the writ of *coram nobis* was based were not discovered until too late to present them upon a motion for new trial, the statutory remedy should be deemed unavailable and the writ could be resorted to. Upon this point the court said (p. 257): "Where the legislature has provided a statutory remedy which supplants in whole or in part a corresponding common-law remedy and has appended thereto a statute of

limitations different from that which governs the common-law remedy, there is presented the situation of a conflict between the common law and the statute, in which case the latter must prevail. . . . We conclude, therefore, that the existence of a statutory remedy for the wrong here complained of by motion for a new trial precludes a resort to the common law in this behalf.'' It therefore appears definitely settled in this state that where, after conviction, new evidence is discovered which, had it been produced at the trial, might have rendered a different result probable, the remedy is by motion for a new trial and, if that be denied, by an appeal from the order denying such motion; that, the legislature having provided these remedies, the writ of *coram nobis* cannot be utilized in this state to secure a new trial upon the ground of newly discovered evidence, and that this rule is not affected by the fact that the time within which a motion for a new trial may be made has expired.

The judgment and orders appealed from are affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 24, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 9, 1932.