[Civ. No. 11629. Second Appellate District, Division One.—March 9, 1938.]

THOMAS A. VERNON, Petitioner, v. SAMUEL RAPPA-PORT, as Court Reporter, Respondent.

Rosen & Wolpin for Petitioner.

Buron Fitts, District Attorney, and A. H. Van Cott, Deputy District Attorney, for Respondent.

WHITE, J.—Petitioner seeks by writ of mandate to compel respondent official reporter of the Superior Court of Los Angeles County to transcribe and file with the clerk of said court such portion of his stenographic notes as requested by petitioner, following denial by said court of a petition for a writ of error *corum nobis*.

The record before us indicates that on December 12, 1929, an indictment was returned by the grand jury in the Superior Court of Los Angeles County, charging the defendant with the crimes of "wrecking a train" and "robbery"; and the indictment also contained an allegation that theretofore, on separate respective dates, and at different places, he had suffered five convictions for the commission by him of different and various felonies. On December 13, 1929, the defendant therein pleaded guilty to these charges and at the same time admitted that he had suffered each of such five convictions. The court thereupon adjudged him an habitual criminal, and he was sentenced to the state prison for the term prescribed by law. About four years later, petitioner made a motion to set aside the judgment on the ground that the court had no jurisdiction to pronounce the same. This motion was denied, and an appeal taken therefrom was dismissed. Subsequently, on June 20, 1934, he presented to the trial court his application for a "writ of error *coram nobis*", and in substance based the same upon the ground that his plea of "guilty" to the aforesaid charges was induced solely by coercion and duress practiced upon him by arresting and investigating officers. With such application he also presented a "confession" claimed to have been made by a fellow prisoner of the defendant, who was also serving a term of imprisonment in the state penitentiary in which the defendant was confined, and which "confession" was to the effect that said fellow prisoner, together with two other persons, not including the defendant, were the individuals who had committed the crimes to which the defendant pleaded "guilty". Also accompanying such application, and urged as a part of and as grounds for granting the same, were affidavits by certain people which purported to set forth facts constituting "newly discovered evidence" which peti-

tioner claims would have resulted in his acquittal had it been presented to and believed by a jury. This petition was denied by the superior court, and from the order denying the same defendant appealed to this court, where the order denying the writ was affirmed. (*People* v. *Vernon*, 9 Cal. App. (2d) 138 [49 Pac. (2d) 326].)

Following this, on September 11, 1936, nearly a year after the rendition of this court's decision, petitioner herein again presented to the superior court a petition for a writ of error *coram nobis*, praying therein that the said judgments rendered against him on his plea of guilty be vacated and set aside; that he be allowed to withdraw said plea of guilty and enter a plea of not guilty, and that he be given a trial on the merits of his case. When this petition came on for hearing in the superior court, the same was denied, whereupon the defendant gave oral notice of appeal from the order denying the petition and on September 23d filed written notice of appeal from said order. An application was made to the superior court for an order directing the official reporter to prepare a transcript on appeal. This application was denied on September 25, 1936, at which time the superior court made the following order:

"The court refuses to order a transcript on appeal from the order denying petition for writ of *coram nobis* because the same points raised in this petition have been raised in previous petitions and litigated in the appellate court."

After permitting more than a year to elapse from the date on which the last-mentioned order was made by the superior court refusing to direct the respondent official reporter to transcribe his notes on the aforesaid petition for a writ of error *coram nobis*, petitioner herein presented to this court his petition for a writ of mandate, and an alternative writ was ordered to issue.

■ Respondent urges and petitioner concedes that a motion to set aside and vacate a judgment and an application for a writ of error *coram nobis* for the same purpose, are legal equivalents. This being so, respondent contends that only one motion to set aside and vacate a judgment on the grounds stated in the first motion, or which could have been stated therein, will lie; and the petitioner having moved to set aside the judgment, the first application for a writ of error *coram nobis* was properly denied. The law provides

for and recognizes various motions after verdict, but each of such remedies may be availed of but once; and when the court has denied such motion, the right to make it and the right of the same court to rule upon such motion has been "exercised and exhausted"; and this is true even where no appeal is taken from the ruling on the motion. In fact, it was said in *People* v. *Howard,* 7 Cal. App. (2d) 283 [46 Pac. (2d) 268]: "And the fact that the second motion for the same relief is based upon other or additional grounds does not alter the rule." (See, also, *People* v. *Paysen,* 123 Cal. App. 396, 399 [11 Pac. (2d) 431], and cases cited.)

It seems to us that when petitioner made his motion to set aside the judgment on September 8, 1933, some four years after the date of said judgment, all of the grounds upon which he based his petition for a writ of error *coram nobis,* if in fact they were true, were known to petitioner, and should have been urged in the motion to set aside the judgment. Notwithstanding the fact that petitioner had his day in court on his original motion to set aside the judgment, he was again permitted to present the same questions in his application for a writ of error *coram nobis* which came before this court on appeal. Examination indicates that the petition for a writ of error *coram nobis* filed by petitioner on August 11, 1936, is in substance and effect identical with the petition filed by him on June 20, 1934; and therefore to permit an appeal to be taken from the order denying the later petition would be virtually allowing two appeals from the same ruling; and to permit this would in some cases have the effect of extending the time for appeal contrary to the intent of the statute. Possible consequences of such a situation were aptly described by this court, speaking through Mr. Justice Houser, in *People* v. *Vernon, supra,* at page 145, as follows:

"Assuming the correctness of such decisions as far as they announce the applicability of the writ to a given state of facts, and herein, for the sake of illustrating the point, making some of them possibly applicable to the position occupied by the applicant herein, it becomes apparent that if no legal limitation be placed upon his asserted right, at his pleasure, to renew his motion to vacate the judgment, or to apply for a writ of error, *coram nobis,* based upon either facts theretofore stated in a former application, or to a motion theretofore

presented by him for the ultimate purpose of vacating the judgment, or upon facts then known to him,—the final and really conclusive adjudication of the question of whether the judgment rendered against him should be vacated may never be determined. For example, failing in his present attempt to vacate the judgment, after the lapse of an additional four and one-half years (as exists in the facts of the instant application), the defendant might make his third application on the ground that he was insane at the time he pleaded 'guilty', which fact was unknown to both the court and the defendant's counsel . . . (citing authorities) ; and assumedly being unsuccessful in that particular effort, and following the result of a possibly unsuccessful appeal from the order denying such application, again and again, four and one-half additional years thence ensuing between each of such successive motions, he might present to the court a fourth, a fifth, a sixth (and *ad infinitum*) motions, each based on the ground that his plea of 'guilty' was procured by 'extrinsic fraud' . . . (citing authorities), which in its respective inducing facts might materially differ from any such facts theretofore set up in either or any of the preceding motions of the kind that had been made by the defendant, and of which facts at all times, presumptively or actually, he had full and complete knowledge.''

If petitioner may assign as grounds for separate appeals specific questions which he may have, or as in the instant case, has, presented upon a former appeal, and which he raised on three separate occasions in the superior court, under the guise that each denial of such motions constitutes an order made after judgment affecting the substantial rights of the party (sec. 1237, subd. 3, Pen. Code), there would be scarcely any procedural finality to criminal cases. In fact, execution of judgments could practically be blocked by the employment of dilatory tactics. Naturally section 1237 of the Penal Code was not intended to be turned into any such thing. Substantial rights are not denied where the person charged had a full and fair opportunity to invoke every privilege or right which the law accords to an accused, and certainly this petitioner has had more than such a full and fair opportunity.

In addition to the foregoing, this court, in affirming the order denying defendant's previous petition for a writ of

error *coram nobis* (*People* v. *Vernon, supra*), referring to the wisdom of the legal limitation upon the time within which such application should be made, said: "From the foregoing it follows that in the instant matter, in consideration of the facts, the pronouncement of a rule by which the asserted right of the applicant herein to a writ of error, *coram nobis,* would be recognized and validated, would be most disastrous in its results as far as order and system in the administration of justice are concerned."

For the foregoing reasons, the alternative writ of mandate heretofore issued is discharged, and a peremptory writ is denied.

York, P. J., and Doran, J., concurred.