[Crim. No. 4445.   Second Dist., Div. One.   May 16, 1950.]

THE PEOPLE, Respondent, v. SAMUEL D. COLLINS, Appellant.

Samuel D. Collins, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

DRAPEAU, J.—On or about June 25, 1934, defendant was tried by a jury and found guilty of the crime of abortion. Judgment was rendered and sentence pronounced; execution of the sentence was suspended and defendant was granted probation for a period of five years on condition that he pay a fine of $300 within one year. Such judgment and the order denying his motion for a new trial were affirmed upon appeal, under date of January 24, 1935. (*People* v. *Collins*, 4 Cal.App.2d 86 [40 P.2d 542].)

On November 5, 1936, defendant's motion to terminate probation and to dismiss the above-mentioned cause under sections 1203.3 and 1203.4, Penal Code, was granted.

Thereafter on July 16, 1946, defendant was again found guilty of the crime of abortion and having admitted the prior conviction of 1934, he was sentenced to state prison for the term prescribed by law. Upon appeal, said judgment and the order denying his motion for a new trial were affirmed. (*People* v. *Emery*, 79 Cal.App.2d 226 [179 P.2d 843].)

On September 12, 1949, defendant filed in the Superior Court of Los Angeles County his written motion for new trial in the 1934 case on the ground that the fine assessed against him therein was in excess of the amount allowed by law and therefore the judgment of conviction was null and void. He also alleged as additional ground for setting aside the judgment, that the principal witness for the State "did knowingly and willfully commit perjury on the witness stand."

The trial court refused to consider the motion for new trial "on the ground that the question raised has become moot." This appeal is from the order by which said application for a new trial was denied.

" 'A moot case is one which seeks to determine an abstract question which does not rest upon existing facts or rights. Where a concrete case of fact or right is shown, we know of no principle or policy of law which will deprive a party of a determination simply because his motive in the assertion of such right is to secure such determination.' *Adams* v. *Union Railroad Co.*, 21 R.I. [134] 140, 42 A. [515] 517, 44 L.R.A. 273. 'It is universally understood by the bench and bar . . . that a moot case is one which seeks to get a judgment on a pretended

controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter, which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. . . . *'Ex parte Steele* (D.C.), 162 F. 694, 701." *State* v. *Dolley,* 82 Kan. 533 [108 P. 846, 847]. See, also, 1 C.J.S. 1016 (Actions, § 17c).

1 C.J.S. 1017 (Actions, § 17d) : *"Effect of Matters Occurring after Action Commenced.*

*"A case, originally presenting a controversy may become moot by a decision of the court, or by acts of the parties or other causes, occurring after the commencement of the action, causing it to lose its controversial character.*

''Questions raised in an action may become moot, as to such action, by reason of the conclusion reached and expressed by the court; and although a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character it becomes a moot case or question which will not be considered by the court (*Neill* v. *Five C. Refining Co.,* 79 Cal.App.2d 191, 193 [179 P.2d 818], citing *San Francisco* v. *Boyd,* 22 Cal.2d 685 [140 P.2d 666]), unless it is one of great public importance, as where it involves a determination of public rights or interests under conditions which may be repeated at any time.''

With respect to the prosecution of 1934, appellant not only appealed from the judgment therein, but also from the order denying his motion for a new trial. (*People* v. *Collins,* 4 Cal.App.2d 86 [40 P.2d 542].)   Under section 1182 of the Penal Code, an application for a new trial must be made before judgment is pronounced. Moreover, as stated in *People* v. *Coronado,* 57 Cal.App.2d 805, 815 [135 P.2d 647], quoting from *People* v. *Paysen,* 123 Cal.App. 396 [11 P.2d 431] : '' '. . . it is well settled in this state that when the trial court has made its order denying the motion for a new trial ''the right to move for a new trial has thus been exercised and exhausted.'' *People* v. *Ingersoll,* 21 Cal.App. 763 [132 P. 1052]. See, also, *People* v. *Martin,* 199 Cal. 240 [248 P. 908] ; *People* v. *Prudencio,* 93 Cal.App. 241 [269 P. 698] ; *People* v. *Walker,* 142 Cal. 90 [75 P. 658] ; *People* v. *Center,* 61 Cal. 191; *People* v. *Lum,* 61 Cal. 538; *People* v. *Fice,* 97 Cal. 459 [32 P. 531] ; *People* v. *Wessel,* 98 Cal. 352 [33 P. 216].)   Once a motion for a new trial has been ruled upon in a criminal case and an order made either granting or denying such application, the

only remedy for the party deeming himself aggrieved is by an appeal from such order, for the court is without authority to entertain a subsequent motion the object of which is to change or vacate its former order.' "

Although denominated a motion for new trial, appellant by the application herein seeks to vacate the judgment and in his reply brief suggests that "more properly it could have been entitled a motion to vacate judgment in the nature of a Writ of Error, Coram Nobis." Even though so considered, it is clear that the judgment of conviction was not affected by the fine of $300 which was made a condition of appellant's probation. The trial court had the power to impose a fine as a condition of probation, but the amount thereof, as prescribed by section 672 of the Penal Code, should not have exceeded $200. (See *People* v. *Ormes,* 88 Cal.App.2d 353, 354 [198 P.2d 690] ; *People* v. *Kuhlman,* 86 Cal.App.2d 566, 567 [195 P.2d 53, 196 P.2d 90].)

Since the excessiveness of the fine could have been considered on appeal from the original judgment, it cannot be considered in the instant proceeding. Because, as stated in *People* v. *Wahrmund,* 91 Cal.App.2d 258, 261 [206 P.2d 56] : "The use of the writ (*coram nobis*) is limited to those situations in which the remedies provided by statute, such as motions for new trial and arrest of judgment, appeal and motion to recall remittitur, are not available and it cannot serve the purpose of bringing before the trial court evidence of a fact that existed at the time of trial. (*People* v. *Knight,* 73 Cal.App.2d 532, 533 [166 P.2d 899].) See, also, *People* v. *Reid,* 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435].) The writ does not lie to correct errors of law, and is not intended to authorize any court to review or revise its opinions. (*People* v. *Tuthill, supra,* p. 822 [32 Cal.2d 819 (198 P.2d 505)].) "

Appellant also urges that the judgment of conviction of 1934 is void, because it was based upon perjured testimony of the witness Brant. In his brief, he asserts that he is hard of hearing; that the witness testified in so low a tone of voice that appellant "did miss this and other relevant, objectionable testimony"; and that he did not have possession of the transcripts until after the case was decided by this court on appeal, when "he believed it was too late to challenge or reopen the case."

Appellant was represented by able counsel at the trial of 1934 and no reason appears why he should not have brought

the charge of perjury to the attention of the trial court, if in fact perjury was committed.

As stated in *People* v. *Adamson*, 34 Cal.2d 320, 326 [210 P.2d 13] : ''In this state a motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope. (See *People* v. *Darcy* (1947), 79 Cal.App.2d 683, 693 [180 P.2d 752] ; *People* v. *Martinez* (1948), 88 Cal.App.2d 767, 774 [199 P.2d 375].) Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. (*People* v. *Gilbert* (1944) 25 Cal.2d 422, 442 [154 P.2d 657] ; *In re Lindley* (1947), 29 Cal.2d 709, 725-726 [177 P.2d 918] ; *People* v. *Tuthill* (1948), 32 Cal.2d 819, 821 [198 P.2d 505].) The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330].) ''

Further, a motion to vacate judgment must be made within a reasonable time after the rendition thereof.

As hereinbefore stated, the judgment of conviction was rendered on or about June 25, 1934, and the within motion to vacate that judgment was not filed until September 12, 1949, over 15 years later.

''The courts of this state require that a showing of diligence be made in the application for a writ of error *coram nobis*. (27 Cal.L.Rev. 232.) It was held in *People* v. *Black*, 114 Cal. App. 468, 473 [300 P. 43], that the writ should be applied for at or near the time of moving for a new trial, and in *People* v. *Vernon*, 9 Cal.App.2d 138, 142 [49 P.2d 326], that the application must be 'within a reasonable time' after the entry of judgment. In applying these rules the courts have held that six years and eight months was an untimely delay (*People* v. *Lumbley*, 8 Cal.2d 752, 761 [68 P.2d 354]), that a six and one-half years' delay was unreasonable (*People* v. *Lewis, supra,* [64 Cal.App.2d 564 (149 P.2d 27)]), that six years was too long a period (*Vernon* v. *Rappaport*, 25 Cal.App.2d 281 [77 P.2d 257]), and that a delay of five years was unreasonable (*People* v. *Harincar*, 49 Cal.App.2d 594, 596 [121 P.2d 751].) In view of these authorities, all of which involved a considerably shorter period of delay than was shown to exist in the

present litigation, the lower court had no alternative but to deny the motion on the ground that it was not seasonably made." *People* v. *Egan,* 73 Cal.App.2d 894, 900 [167 P.2d 766].

For the reasons stated, the order appealed from is affirmed.

White, P. J., and Doran, J., concurred.