[Crim. No. 186.   Fifth Dist.   Feb. 16, 1966.]

THE PEOPLE, Plaintiff and Appellant, v. HERMAN YVONNE RISENHOOVER, Defendant and Respondent.

E. Clark Savory, District Attorney, Frank Wells and Ronald Eliceche, Deputy District Attorneys, for Plaintiff and Appellant.

Roslyn Robbins Dienstein, under appointment by the District Court of Appeal, for Defendant and Respondent.

STONE, J.—A jury found defendant guilty of murder, sane, and recommended the death penalty on October 31, 1963. On December 5, 1963, the Superior Court granted a motion for a new trial as to penalty, and denied a new trial on the issues of guilt and sanity. Seventeen months later, defendant again moved for a new trial on the guilt and sanity issues. The original order denying a new trial as to these issues was reversed, and a new trial ordered on the issues of guilt and sanity. The People appeal.

The pertinent events in the chronology of this case are:

October 31, 1963—Defendant found guilty, found sane, and death penalty recommended.

December 5, 1963—Motion for new trial granted as to penalty, denied as to issues of guilt and sanity.

December 10, 1963—The People appeal from order granting new trial.

April 14, 1964—Appeal dismissed.

June 5, 1964—Criminal proceedings suspended for sanity hearing; Jury held defendant to be sane.

October 15, 1964—Writ of habeas corpus denied by Superior Court of Fresno County.

February 25, 1965—Writ of habeas corpus denied by Supreme Court of State of California.

May 7, 1965—Defendant's motion for new trial on guilt and sanity issues granted by Superior Court of Fresno County.

■ Appellant contends the trial court, having entered an order December 5, 1963, granting defendant's motion for a new trial as to penalty and denying it as to issues of guilt and sanity, was without jurisdiction on May 7, 1965, a year and a half later, to vacate the former order and grant a new trial as to the issues of guilt and sanity.

The statutory law governing new trials in criminal cases is found in the Penal Code. Section 1182 provides: "The application for a new trial must be made and determined before judgment or the making of an order granting probation, whichever first occurs, and the order granting or denying such application must be immediately entered by the clerk in the minutes."

Penal Code section 1191 requires the court to appoint a time for pronouncing sentence within 21 days after verdict, finding or plea of guilty, but permits limited extensions of time in certain situations when good cause is shown. Thus, under the combined effect of sections 1182 and 1191 the ordinary motion for a new trial in a criminal case would be determined within a relatively short time.

The importance of prompt imposition of sentence and entry of judgment assumed added significance in 1961 when the Legislature, by amending Penal Code section 1237, eliminated the right to appeal from an order denying a motion for a new trial except where a defendant is committed for sexual psychopathy, insanity, or narcotics addiction. Under the present language of section 1237 an order denying a motion for new trial may be reviewed only on appeal from the judgment.

Abolition of the right to appeal from an order denying a new trial opened the way for development of an incongruous

situation in the furcated criminal trial, exemplified by this case. The original order denied a new trial as to the issues of guilt and sanity, but granted a new trial as to the penalty issue. Thus no judgment could be entered and no appeal could be taken by defendant, which effectively blocked a review of those portions of the order denying a new trial.

In disqualifying himself from hearing the second motion for a new trial, the judge who tried the case and granted the original new trial as to penalty only, pointed out that defendant's rights under *Escobedo* v. *Illinois*, 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977], *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], *In re Spencer*, 63 Cal.2d 400 [46 Cal.Rptr. 753, 406 P.2d 33], and *Griffin* v. *California*, 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106], were violated and reversible error was committed during both the guilt and sanity trials. Furthermore, these cases were decided after defendant's trial, but before final judgment (*People* v. *Ketchel*, 63 Cal.2d 859, 863 [48 Cal.Rptr. 614, 409 P.2d 694].) Recent cases (*People* v. *Polk*, 63 Cal.2d 443 [47 Cal.Rptr. 1, 406 P.2d 641]; *People* v. *Arguello*, 63 Cal.2d 566 [47 Cal.Rptr. 485, 407 P.2d 641], and *In re Varnum*, 63 Cal.2d 629 [47 Cal.Rptr. 769, 408 P.2d 97]) have ordered new trials as to all issues when similar facts were called to the court's attention.

Since no review of the conviction could be had as to the issues of guilt and sanity until after the penalty retrial, and a reversal of the entire case appears to be inevitable,* a retrial of the penalty issue alone would be an idle, wasteful and time-consuming act.

Appellant cites many cases for the proposition that once a trial court enters an order pursuant to a motion for a new trial, its jurisdiction as to the new trial issue is exhausted. However, no case is cited, and we find none, defining the jurisdiction of trial courts in relation to motions for new trial after the 1961 amendment to Penal Code section 1237, nor a case discussing new trials in relation to a furcated trial.

Because of the change in statutory law, we deem the question whether a trial court has jurisdiction to modify or vacate an order denying a new trial and to enter a different order before judgment to be res integra.

We think it significant that none of the statutes governing

---

*The judge who tried the case stated for the record that reversible error was committed at the trial on the guilt and sanity issues.

motions for new trial deprives a trial court of jurisdiction over a case until either a judgment is entered or a notice of appeal from an order granting a new trial is filed (except where the defendant has been committed for sexual psychopathy, insanity, or narcotics addiction, which are not relevant to the issue before us). In short, insofar as concerns statutory law, there is no proscription depriving the trial court of jurisdiction to hear and rule upon a motion for new trial after an order has been made granting or denying a new trial, until either a judgment is entered or a notice of appeal is filed, neither of which occurred here.

It is axiomatic that the judicial processes must remain supple in order to adapt to changing conditions in the law. It must be presumed, also, that the Legislature, by creating bifurcated and trifurcated trials and by eliminating the right to appeal from an order denying a new trial, did not intend to create a hiatus in procedure such as that for which the People here contend.

We conclude that the trial court had jurisdiction to hear and determine a second new trial motion because (i) the court retained jurisdiction over the case pending retrial on the issue of penalty, (ii) the Penal Code sections concerning new trials do not specifically forbid a second motion for new trial or an order vacating and changing an order granting or denying a new trial before judgment, (iii) the development of the furcated trial and the repeal of a defendant's right to appeal from an order denying a new trial, make possible the development of adventitious circumstances, as in this case, that can be most expeditiously resolved in the trial court, and (iv) the People have the right to appeal from a second or any other order granting a new trial, as was done in this case.

The order is affirmed.

Brown (R.M.), J., concurred.

CONLEY, P. J.—I dissent. I think it is a mischievous technique for a trial court, or an intermediate appellate court, to base a decision on a surmise as to what the Supreme Court, or other appellate court, might do if an appeal on a related matter is later taken, particularly when, in the process, a time-honored rule of procedure is flatly overruled. In this case, the defendant's motions for a new trial in connection with two of the trifurcated parts of a murder case

were denied some 17 months before the present ruling; at that time, the trial court granted the motion for a new trial with respect to the third of the trifurcated inquiries made by the jury, namely, the penalty phase of the case, but denied the motions as to both the guilt and insanity phases. The present ruling from which an appeal has been taken by the People is that, notwithstanding the original denial of the motions for a new trial on the guilt and the insanity issues, the court nevertheless presently grants a new trial also on both of those phases, apparently because it thinks that the Supreme Court, or other appellate court, will ultimately reverse the conviction on all issues if the final judgment in the case is appealed.

Neither a trial court, nor an intermediate appellate court, can legislate. And this, it seems to me, is exactly what the trial court and this court have done; for it has been, not only once but many times, held that when a trial court denies a motion for a new trial that ends the matter, and jurisdiction is no longer present in the trial court to upset the prior ruling. (*People* v. *Walker,* 142 Cal. 90 [75 P. 658] ; *People* v. *Fice,* 97 Cal. 459, 460 [32 P. 531] ; *People* v. *Martin,* 199 Cal. 240 [248 P. 908] ; *In re Levi,* 39 Cal.2d 41, 45 [244 P.2d 403] ; *People* v. *Paysen,* 123 Cal.App. 396, 399 [11 P.2d 431] ; *People* v. *Ingersoll,* 21 Cal.App. 763, 764 [132 P. 1052] ; *Vernon* v. *Rappaport,* 25 Cal.App.2d 281, 283-294 [77 P.2d 257] ; *People* v. *Coronado,* 57 Cal.App.2d 805, 813-815 [135 P.2d 647] ; *People* v. *Collins,* 97 Cal.App.2d 552, 554-555 [218 P.2d 87] ; 36 Cal.Jur.2d, New Trial, § 3, p. 129, § 168, pp. 380-381, § 170, pp. 383-384; Fricke, Criminal Procedure (6th ed.) p. 130, p. 411.) Furthermore, the decisions of the Supreme Court ". . . are binding upon and must be followed by all the state courts of California." (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

I would reverse the present order granting a new trial as to guilt and insanity.

Appellant's petition for a hearing by the Supreme Court was denied April 13, 1966. Mosk, J., was of the opinion that the petition should be granted.