[Crim. Nos. 8500, 8501.   In Bank.   May 26, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN BELL JACKSON et al., Defendants and Appellants.

John Bell Jackson and Edward Jackson, in pro. per., and Frank C. Morales, under appointment by the Supreme Court, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—Petitioners, in this consolidated petition, seek relief under rule 31(a) of the California Rules of Court. Under that rule relief may be granted from default in failing to file the notice of appeal required to be filed within 10 days of the time of sentence. ▇▇ It is now settled law that this power to relieve from default should be liberally construed to avoid, if reasonably possible, the loss of the right to appeal. (See *People* v. *Madrid, ante,* pp. 602, 603 [43 Cal.Rptr. 638, 400 P.2d 750], where many of the prior cases so holding are cited and discussed.)

▇▇ The facts of these cases clearly call for the exercise of the power. The Attorney General and counsel for the petitioners, after examining the records, with commendable objectivity and fairness, have stipulated that without appointing a referee, without placing the cases on the calendar for oral argument, and without the filing of briefs, the causes may be submitted upon the records on file. In a letter to this court dated April 23, 1965, the Attorney General, again with commendable fairness and objectivity, practically concedes that the requested relief should be granted. He states that upon examination of the records and upon independent investigation "I am of the opinion that a result favorable to the People is not reasonably foreseeable in view of the decisions of this court requiring the referee to resolve doubts in favor of the filing of a late notice of appeal." The same letter continues: "John Bell Jackson [one of petitioners] filed a document which was apparently mislaid by the County Clerk and which can reasonably be construed as a premature notice of appeal from the judgment against him. As to Edward Jackson [the other petitioner] . . . I have consulted" with the attorney who represented him on the trial, and while such attorney denies "having promised to file a notice of appeal" and while the

Attorney General has some evidence of waiver and estoppel "such evidence would not compel a finding in favor of the People and would not justify the delay and expense of a reference hearing."

In view of these concessions the facts need not be developed in detail. From the records it appears that guilty verdicts were returned against petitioners on January 4, 1963, for murder, kidnaping for ransom, robbing and assault with intent to commit a felony. The petitioners were sentenced February 5, 1963, to life imprisonment without possibility of parole, and to several shorter concurrent sentences. Upon investigation by the Attorney General it was discovered "that a premature notice of intent to appeal was filed with the county clerk on January 7, 1963, by John Bell Jackson; but due to the mishandling of the document by the clerk's office, no action was taken." It is conceded that this document, a valid premature notice of appeal by John Bell Jackson, was mislaid by the clerk. This document should be filed. It should be "treated as filed immediately after the rendition of the judgment" (see rule 31(a)) and thus is within the required 10-day period.

In addition, both petitioners allege that within 10 days after the date of sentence petitioners' trial attorney promised to file notices of appeal, and defendants believed in good faith that he had done so. None were filed. The petitioners did not discover this until many months thereafter. Motions for delayed appeal were filed in the appellate court in August of 1964.

These facts establish proper cases for granting relief. As to the petition of John Bell Jackson there can be no doubt. He actually presented for filing a premature notice of appeal on January 7, 1963. This was mislaid by the clerk. It should have been filed.

In addition, both he and Edward Jackson allege that the trial attorney, within the vital 10-day period, promised to file notices of appeal, and both petitioners believed, reasonably, that this had been done. Although the attorney denies making such a promise he admits discussing with petitioners the subject of an appeal. Reasonable doubts on this issue should be resolved in favor of petitioners so as to protect the right of appeal. (*People* v. *Madrid, supra, ante,* p. 602, and cases therein cited.)

It is not clear from the records whether either or both of petitioners tendered late notices of appeal to the county clerk, and if so on what date. Motions for relief were filed in the appellate court. This is sufficient compliance to preserve

the right to relief. (*People* v. *Johnson,* 61 Cal.2d 843, 846 [40 Cal.Rptr. 708, 395 P.2d 668].)

Considerable time elapsed between the date of sentence and the date the motions for relief were filed in the appellate court, but in view of the concessions of the Attorney General, the allegations of good faith reliance on the trial attorney's promise, and in view of the other uncontradicted allegations of the petition, the apparent long delay was excusable. Relief should be afforded both petitioners.

As to John Bell Jackson the Clerk of the Superior Court of Los Angeles County is directed to file the premature notice of appeal tendered to him and to proceed with the preparation of the record on appeal in that case; as to the petition of Edward Jackson the Clerk of the Superior Court of Los Angeles County is directed to file the notice of appeal tendered to him, if such notice was in fact tendered; if no such notice has been tendered the clerk is directed to file a notice of appeal by Edward Jackson if such a notice is tendered to him by petitioner or his appointed counsel within 10 days after finality of this opinion, and, if such notice is filed, to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., and Burke, J., concurred.