[Crim. No. 8714.   In Bank.   Dec. 6, 1965.]

In re THOMAS LAMAS VARNUM on Habeas Corpus.

Sam Bubrick for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

THE COURT.—Varnum was convicted of first degree murder, kidnaping for the purpose of robbery with bodily harm, first degree robbery, and assault with intent to commit robbery. His punishment was fixed at death for the murder and the kidnaping. This court reversed the judgment insofar as it related to penalty and affirmed it in all other respects. (*People* v. *Varnum* (1964) 61 Cal.2d 425 [38 Cal.Rptr. 881, 392 P.2d 961].)[1] Varnum thereafter filed the instant petition, and we stayed the second penalty trial pending final determination of this proceeding.

Varnum contends that confessions inadmissible under *Escobedo* v. *Illinois* (1964) 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977], and *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal. Rptr. 169, 398 P.2d 361], were admitted into evidence at his trial on guilt. We have concluded that the admission of his

[1]John Jackson and Edward Jackson, codefendants of Varnum, were convicted of the same offenses but were sentenced to life imprisonment for the murder and life imprisonment without possibility of parole for the kidnaping. We granted their application for relief under rule 31(a), of the California Rules of Court in *People* v. *Jackson* (1965) 62 Cal.2d 803 [44 Cal.Rptr. 452, 402 P.2d 140] and they have an appeal pending in the District Court of Appeal.

statements constituted reversible error. (*People* v. *Dorado, supra,* 62 Cal.2d 338, 356-357; *People* v. *Stewart,* 62 Cal.2d 571, 581 [43 Cal.Rptr. 201, 400 P.2d 97]; see *People* v. *Holford, ante,* pp. 74, 79 [45 Cal.Rptr. 167, 403 P.2d 423].)

■ Our opinion in *People* v. *Varnum, supra,* 61 Cal.2d 425, was filed on June 18, 1964, four days before the United States Supreme Court rendered its decision in *Escobedo* v. *Illinois, supra,* 378 U.S. 478. The judgment thus was not final prior to *Escobedo,* and Varnum may successfully pursue the remedy of habeas corpus to test the validity of his conviction under that decision. (*In re Spencer, ante,* pp. 400, 405 et seq. [46 Cal.Rptr. 753, 406 P.2d 33].)

■ As we pointed out in *Spencer* and in *People* v. *Polk, ante,* pp. 443, 448 [47 Cal.Rptr. 1, 406 P.2d 641], federal habeas corpus relief will be available to review judgments not final at the time of the *Escobedo* decision that are attacked on the basis of the rule in *Escobedo* and " 'Whether or not we are compelled to afford defendants a comparable state collateral remedy (see *Case* v. *Nebraska* (1965) 381 U.S. 336 [85 S.Ct. 1486, 14 L.Ed.2d 422]; *Henry* v. *Mississippi, supra,* 379 U.S. 443 [85 S.Ct. 564, 13 L.Ed.2d 408]; *In re Shipp* (1965) 62 Cal.2d 547, 554, fn. 2 [43 Cal.Rptr. 3, 399 P.2d 571]; 76 Harv.L.Rev. (1963) 1253, 1269), the availability of the federal remedy makes it pointless for us to refuse to do so, when, as in this case, defendant is entitled to a new trial on the issue of penalty. Moreover, the grant of state collateral relief in these circumstances accords with our traditional habeas corpus rules. ■ This court normally affords collateral relief on constitutional grounds if the petitioner had no opportunity to raise the constitutional issue at trial and on appeal. (See *In re Dixon* (1953) 41 Cal.2d 756, 760-761 [264 P.2d 513]; *In re Shipp, supra,* 62 Cal.2d 547, 551-553.) ' "

■ Varnum could have raised the claim on a petition for rehearing, but after the date of the *Escobedo* decision only a few days remained within which his court-appointed attorney could have filed such a petition. There were thus special circumstances constituting an excuse for his failure to employ that remedy.

■■ The record discloses that on August 16, 1962, Norman Merrill, a service station attendant, was robbed, kidnaped for the purpose of robbery with bodily harm, and murdered. Three days later Varnum and his codefendants, Edward Jackson and John Jackson, were arrested apparently for the crimes involving Merrill. Several hours after their arrests they were

jointly interrogated by the police at the police station. During this interrogation Varnum confessed to the robbery, kidnaping, and murder. His confessions were admitted at his guilt trial over an objection on the ground that he had not been advised of his right to counsel.

The interrogation at which the confessions were made lasted about a half hour and had been preceded by individual questioning of each defendant. Near the outset of the joint interrogation an officer stated, "You've each one indicated that you were involved in it [i.e. the robbery]. Now, we'd like to ask a few questions here," and the questions asked included ones such as who first pulled the gun on the service station attendant, whether the attendant peacefully went with them when they left the station, and whether Varnum shot at the attendant three times after taking him into a field. It does not appear that Varnum was advised of his rights to counsel and to remain silent, and to the contrary one of the interrogating officers testified that he did not advise defendants of their right to counsel. No evidence established that Varnum waived these rights.

At the time Varnum made the confessions the two conditions prescribed in *People* v. *Stewart, supra,* 62 Cal.2d 571, 577, were met: Varnum was under arrest, and a process of interrogation that lent itself to eliciting incriminating statements was undertaken. Under the doctrine in *Stewart* the accusatory stage had been reached, and since it does not appear that Varnum had been advised of his rights to counsel and to remain silent before he confessed, or that he had otherwise waived those rights, we must conclude that the confessions should not have been admitted into evidence. (*People* v. *Dorado, supra,* 62 Cal.2d 338.)

Two days after defendants' arrests the police jointly interrogated them at police headquarters regarding the assault with intent to commit robbery, which was committed against James Fields on August 14, 1962. During this interrogation Varnum made incriminating statements that were at least tantamount to a confession that he had committed that offense. These statements were admitted into evidence at his trial on guilt. Although no objection was made to the introduction of the evidence, the trial was before the decision in *Escobedo* v. *Illinois, supra,* 378 U.S. 478, and Varnum is therefore not barred from now claiming that the evidence was inadmissible. (*People* v. *Hillery,* 62 Cal.2d 692, 711-712 [44 Cal.Rptr. 30, 401 P.2d 382].)

At the outset of the interrogation an officer asked defendants whether they were involved in the crime against Mr. Fields, and Varnum admitted that he was. It does not appear whether this offense also occasioned Varnum's arrest, but when Varnum admitted that he was involved in the offense the investigation had at least "begun to focus" on him. (See *People* v. *Dorado, supra,* 62 Cal.2d 338, 353.) During the interrogation the officers asked questions such as who carried a gun and how many times Varnum pulled the trigger on his gun. He was in police custody, and it appears that a process of interrogation that lent itself to eliciting incriminating statements was undertaken. Since the record does not show that Varnum was advised of his rights to counsel and to remain silent or that he waived those rights, we must conclude that these statements were also inadmissible. (*People* v. *Dorado, supra,* 62 Cal.2d 338, 353-354; *People* v. *Stewart, supra,* 62 Cal.2d 571, 577.)

Varnum's statements regarding the murder, kidnaping, and robbery were confessions, and his statements regarding the assault with intent to commit robbery were at least tantamount to a confession. The error in admitting his statements was prejudicial per se. (*People* v. *Dorado, supra,* 62 Cal.2d 338, 356; *People* v. *Stewart, supra,* 62 Cal.2d 571, 581; see *People* v. *Holford, ante,* pp. 74, 79 [45 Cal.Rptr. 167, 403 P.2d 423].)

At the guilt trial errors were also committed of the type condemned in *Griffin* v. *California* (1965) 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106]. Since we reverse on other grounds we need not decide whether the judgment as to Varnum's guilt was final within the meaning of the rule in *In re Gaines, ante,* pp. 234, 237 [45 Cal.Rptr. 865, 404 P.2d 473], that *Griffin* is not to be applied retrospectively to cases that were final before *Griffin.*

The writ is granted. The remittitur in *People* v. *Varnum,* Crim. 7630, is recalled and our judgment of June 18, 1964, vacated. (61 Cal.2d 425.) The judgment is reversed in its entirety, and Varnum is remanded to the custody of the Superior Court of Los Angeles County for a new trial.

BURKE, J.—I dissent. The receipt into evidence of Varnum's statements did not result in a miscarriage of justice. (Cal. Const., art. VI, § 4½; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 343].) The record shows that Norman Merrill, a service station attendant, was robbed, kidnaped for the purpose of robbery, and murdered, and, apart from Varnum's

statements, there is substantial evidence that he committed these brutal offenses. This evidence includes, among other things, proof that Varnum's fingerprints were on the car used during the kidnaping and on a container for credit cards at the service station and evidence that on the night the crimes were committed Varnum had possession of the revolver that fired one of the lethal bullets into Mr. Merrill's back. James Fields, the victim of the assault with intent to commit robbery, positively identified Varnum as one of the perpetrators of that offense. Varnum presented no evidence whatsoever in his own behalf.

From my examination of the entire cause I am not of the opinion that it is reasonably probable that a result more favorable to Varnum would have been reached in the absence of the error in admitting his statements. (*People* v. *Watson*, *supra*, 46 Cal.2d 818, 836.) For this reason, under the mandate of section 4½, article VI, of the California Constitution, I would deny the relief sought and permit the second penalty trial to proceed.

McComb, J., and White, J.,* concurred.

Respondent's petition for a rehearing was denied January 5, 1966. Mosk, J., did not participate therein. McComb, J., Burke, J., and White, J.,* were of the opinion that the petition should be granted.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.