[Crim. No. 3292.   Fourth Dist., Div. One.   Jan. 6, 1969.]

In re JOSEPH EDWARD DOMINGO on Habeas Corpus.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and James H. Kline, Deputy Attorney General, for Appellant.

Gerald M. Dawson, under appointment by the Court of Appeal, for Respondent.

COUGHLIN, J.—Joseph Edward Domingo, petitioner in this proceeding, and Ronald Weston Daniels, were jointly charged, tried and convicted of the offenses of selling marijuana, occurring respectively on August 21, 1964 and September 1, 1964. The trial commenced on December 7, 1964, and concluded December 14, 1964. Domingo was sentenced to imprisonment in the state prison. He appealed his conviction, which was affirmed by this court in a nonpublished opinion on November 30, 1965; did not petition for a rehearing; petitioned for a hearing by the state Supreme Court, which was denied January 26, 1966; petitioned for certiorari by the United States Supreme Court, which was denied October 10, 1966; and petitioned the Superior Court of San Diego County for a writ of habeas corpus on April 20, 1967, contending his conviction and commitment were invalid, which was granted. Respondent in the habeas corpus proceeding appeals.

Domingo's contention his commitment and conviction were invalid is based upon the following grounds, asserted on appeal and set forth in his petition and an amendment thereto, each of which he claims constitute a denial of due process of law: (1) Admission in evidence at his trial of allegedly incriminating statements made by him which are within the exclusionary rule adopted by the state Supreme Court on January 29, 1965 in *People* v. *Dorado*, 62 Cal.2d 338

[42 Cal.Rptr. 169, 398 P.2d 361] ; (2) failure to try him separately as allegedly required by the rule adopted by the state Supreme Court on November 12, 1965 in *People* v. *Aranda,* 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265] ; (3) the jury was permitted to find him guilty of an offense not charged in the indictment nor necessarily included within that offense; and (4) a total lack of evidence of his guilt together with other errors committed at the trial.

The foregoing grounds could have been asserted on his appeal. For this reason the instant petition comes within the rule stated in *In re Dixon,* 41 Cal.2d 756, 759 [264 P.2d 513], where the court said: ''The general rule is that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction.'' (In accord: *In re Shipp,* 62 Cal.2d 547, 551 [43 Cal.Rptr. 3, 399 P.2d 571].) In certain aspects the petition also comes within the rule foreclosing the use of habeas corpus as a second appeal. (*In re Lessard,* 62 Cal.2d 497, 505 [42 Cal.Rptr. 583, 399 P.2d 39] ; *In re Waltreus,* 62 Cal.2d 218, 225 [42 Cal.Rptr. 9, 397 P.2d 1001].)

The alleged *Dorado* error (see *People* v. *Dorado, supra,* 62 Cal.2d 338), is premised upon the admission in evidence, over defendant's objection, of allegedly incriminating statements made by Domingo after his arrest without first advising him of his right to remain silent. The trial took place following the initial decision in *People* v. *Dorado,* which was set aside upon order granting a rehearing, and prior to the adoption of the rule on January 29, 1965. Nevertheless, counsel for Domingo, having knowledge of the original *Dorado* decision, urged the grounds therein stated as a basis for objection to admission of the allegedly incriminating statements.

Each of the sales took place when Daniels was taken to Domingo's residence in an automobile driven by an undercover agent; went into the house while the agent remained in the automobile; returned to the automobile and received money from the agent to make the purchase; went back to the house; was seen by the agent talking with Domingo; again returned to the automobile; and then gave the agent the amount of marijuana the latter agreed to purchase. On both occasions after Daniels first went into the house Domingo came out; went into the garage; and then returned to the

house. On the first occasion the agent saw Domingo and Daniels exchange "items"; Daniels held the item received by him in his hand until delivering it to the agent; and it was a package of marijuana.[1] After Domingo's arrest he was interrogated by an officer who summarized the circumstances related in the foregoing testimony of the agent and asked him if he had "any logical explanation for this or this series of happenings." In reply Domingo said "nothing like that had ever happened." His answer was received in evidence over objection there was no foundation "under the basis of *People* v. *Dorado* case." Domingo contends his answer, although exculpatory, was incriminating in that it might be construed as inconsistent with his testimony, in which he admitted Daniels was at his house on the two occasions in question.

Daniels testified he sold the marijuana to the agent; asserted the defense of entrapment; admitted he told the agent Domingo was his "connection" and that he obtained the marijuana from him; and further testified he did not obtain any marijuana from Domingo, the latter had no knowledge of the sale, he had made the statements about Domingo's participation to put him on the spot because of a personal matter involving a girl friend, and on the dates in question the purpose of his visits was to obtain some tubes of paint which Domingo gave him.

Domingo testified he did not give Daniels any marijuana; admitted the latter came to his house on the two occasions; but stated the reason for those visits was to obtain some paints which were given to him.

In justification for failing to raise the *Dorado* issue on appeal, Domingo asserts the objection was not then available because it had not been determined definitely whether the *Dorado* rule applied to exculpatory statements. The opinion in *People* v. *Williams,* 63 Cal.2d 452, 460, fn. 8 [47 Cal.Rptr. 7, 406 P.2d 647], set at rest any contention the rule did not apply to such statements. The opinion in *Williams* was filed October 22, 1965. Oral arguments on the appeal to this court from Domingo's conviction were called for hearing on November 9, 1965; the decision by this court was filed November 30,

---

[1]On appeal in this proceeding, as on appeal from the judgment of conviction, Domingo attacks the testimony of the agent that the "item" Daniels received from Domingo was in the former's hand while he walked from the house to the car and was the package of marijuana he delivered to the agent. This attack is premised upon allegedly conflicting testimony developed by cross-examination. However, when the testimony is considered as a whole, the attack is upon its weight rather than upon its substantial character.

1965; and Domingo's petition for hearing in the state Supreme Court was filed January 10, 1966. Even assuming Domingo's claimed justification has a basis in law, it has no basis in fact.

Furthermore, a *Dorado* error with its *Escobedo* counterpart (*Escobedo* v. *Illinois*, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758]) does not invalidate a judgment absent prejudice to the defendant. After a review of the entire record, including the evidence, we are convinced and expressly declare our belief admission of any statements by Domingo to the officer was harmless beyond a reasonable doubt and did not invalidate his conviction. (*Chapman* v. *California*, 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824].)

The alleged *Aranda* error (*People* v. *Aranda*, *supra*, 63 Cal.2d 518), as a basis of the claimed invalidity of Domingo's conviction, is premised upon the admission in evidence of extrajudicial statements by Daniels to the undercover agent which were made at different times while they were negotiating a sale of marijuana, in which he said Domingo was his "connection"; he would get the marijuana from Domingo; he was trying to contact Domingo and would continue to telephone him; Domingo was holding a small quantity of marijuana at that time and was expecting a shipment of more marijuana which the agent could buy later if he chose; Domingo, at another time, had five cans but had sold two of them earlier during the day and therefore the agent would be able to buy only three cans from him and Domingo; and, on the occasion of the second visit to Domingo's house, the latter had one and one-half cans available at that time for sale. The statements involving Domingo were part of the conversations between Daniels and the agent occurring during the time negotiations for the sale were in progress. The agent testified to these conversations. Domingo objected to those parts thereof involving him. His objection was sustained, but the statements were admitted as a part of the case against Daniels. The jury was instructed accordingly.

The opinion in *People* v. *Aranda*, *supra*, 63 Cal.2d 518, was filed November 12, 1965, 18 days before affirmance of Domingo's conviction; held the admission of evidence, in a joint trial, of testimony relating the confession of one codefendant implicating another codefendant, although admitted only in the case against the declarant, required a reversal of the conviction of the nondeclarant defendant; prescribed rules governing the trial of jointly charged defendants where the

People's case involves the introduction of extrajudicial statements of one codefendant which inculpate another codefendant; and declared, in such a situation, either separate trials should be granted or admission in evidence of such extrajudicial statements should be denied unless the parts thereof inculpating another codefendant can be and are eliminated.

Although Domingo did not move for a separate trial nor urge the *Aranda* rule objection to the extrajudicial statements by Daniels in the trial court, error, if any, in admitting such for the reasons stated in *Aranda,* and alleged prejudice from their admission, could have been urged on appeal either before this court or the state Supreme Court. (*People* v. *Charles,* 66 Cal.2d 330, 334 [57 Cal.Rptr. 745, 425 P.2d 545].) Under these circumstances, except as hereinafter noted, any alleged *Aranda* error could not be asserted in a habeas corpus proceeding. (*People* v. *Charles, supra,* 66 Cal.2d 330, 334.) Domingo, through his counsel, actually relied upon and cited the decision in *People* v. *Aranda, supra,* 63 Cal.2d 518, in support of his petition for hearing by the state Supreme Court. We may not assume the latter court did not take cognizance of this situation. If an *Aranda* error were present, it could have granted a hearing and reviewed the conviction or, in accordance with its practice, retransferred the cause to this court for further consideration. (Cf. *People* v. *Gant,* 252 Cal. App.2d 101, 110 [60 Cal.Rptr. 154].)

An exception to the California rule that habeas corpus may not be used to review a judgment of conviction upon grounds which were or could have been raised on appeal is where federal habeas corpus is available for such review. (*In re Spencer,* 63 Cal.2d 400, 405-406 [46 Cal.Rptr. 753, 406 P.2d 33]; *In re Varnum,* 63 Cal.2d 629, 631 [47 Cal.Rptr. 769, 408 P.2d 97].) The availability of the federal remedy makes it pointless for the state court to refuse relief. (*Ibid.*)

Since the decision in *Aranda,* the United States Supreme Court, in a habeas corpus proceeding, held the admission in evidence, in a joint trial, of an extrajudicial confession of one codefendant, who did not testify in the case, implicating another codefendant, invalidated the state conviction of the latter because he was denied the right of cross-examination of the codefendant whose confession was admitted in evidence, which was secured by the ''Confrontation Clause of the Sixth Amendment'' and made applicable to the states by the Fourteenth Amendment. (*Roberts* v. *Russell,* 392 U.S. 393 [20 L.Ed.2d 1100, 88 S.Ct. 1921]; see also

*Bruton* v. *United States,* 391 U.S. 123 [20 L.Ed.2d 476, 88 S.Ct. 1620]—previously adopting the rule and applying it to a federal prosecution.) The decisions in both *Roberts* v. *Russell,* 392 U.S. 393 [20 L.Ed.2d 1100, 88 S.Ct. 1921] and *Bruton* v. *United States,* 391 U.S. 123 [20 L.Ed.2d 476, 88 S.Ct. 1620], involved the effect of an extrajudicial confession in a joint trial by one codefendant, who did not take the stand, which implicated another codefendant. The codefendant implicated by the confession was denied the right of cross-examining the codefendant who made the confession, and this fact presented the constitutional issue.

The procedural rules adopted in *Aranda* were not premised on the deprivation of the right of cross-examination of the codefendant who made the inculpatory statement; were not constitutionally compelled; but were judicially declared rules of practice. (*People* v. *Aranda, supra,* 63 Cal.2d 518, 530.)

We conclude, in those instances where a failure to adhere to the *Aranda* rules denies a constitutional right, habeas corpus premised on such failure is a proper postconviction remedy but in other instances, under the California rule, the collateral assertion of the claimed failure through habeas corpus is improper, absent a showing of special circumstances excusing its assertion on appeal. (*People* v. *Charles, supra,* 66 Cal.2d 330, 333-334.)

In the case at bench there was no denial of cross-examination; the constitutional issue determined by *Roberts* v. *Russell, supra,* 392 U.S. 393 [20 L.Ed.2d 1100, 88 S.Ct. 1921], is not present; and the general rule applies.

Furthermore, even assuming, under the circumstances of this case, a claimed violation of the *Aranda* rules properly might be asserted by habeas corpus, it has no merit. If the claim had been presented to this court on appeal, it would have been rejected upon the ground no miscarraige of justice occurred. It is settled a "failure to adhere to the *Aranda* procedure constitutes reversible error only if it causes prejudice." (*People* v. *Charles, supra,* 66 Cal.2d 330, 337; *People* v. *Aranda, supra,* 63 Cal.2d 518, 527; *People* v. *Gant, supra,* 252 Cal.App.2d 101, 110-111.)

Domingo's claim his conviction was the product of a violation of the *Aranda* rules is premised upon the expressed contention he should have been tried separately and upon the implied contention the admission of the extrajudicial statements by Daniels was prejudicial error. Under the evidence in the case, whether Domingo had been tried separately from or

jointly with Daniels the latter's extrajudicial statements would have been admissible against the former as proof of conduct in furtherance of the object of a conspiracy to sell marijuana. At the time those statements were offered in evidence and admitted against Daniels only, a prima facie showing of the existence of a conspiracy between Domingo and Daniels had not been made. When sustaining Domingo's objection to admission of the statements as against him, the trial court noted they were not admissible at that time, which indicated the reason for sustaining the objection was the lack of foundation for their admission. Thereafter the prima facie showing of a conspiracy to sell marijuana was made by the testimony of the undercover agent relating his agreement with Daniels to purchase marijuana; their visit to Domingo's residence; the events occurring during that visit; and the receipt by Daniels from Domingo of a package of marijuana which the former delivered to the agent.

A conspiracy "may be inferred from the conduct of the defendants in mutually carrying out a common purpose in violation of a penal statute." (*People* v. *Cockrell,* 63 Cal.2d 659, 667 [47 Cal.Rptr. 788, 408 P.2d 116]; *People* v. *Morales,* 263 Cal.App.2d 368, 375 [69 Cal.Rptr. 402]; *People* v. *Hardeman,* 244 Cal.App.2d 1, 41 [53 Cal.Rptr. 168].)

Upon a prima facie showing of the existence of a conspiracy the extrajudicial statements of one coconspirator in furtherance of the object of the conspiracy are admissible against a coconspirator whom they implicate. (Evid. Code, § 1223; *People* v. *Morales, supra,* 263 Cal.App.2d 368, 373.)

Evidence of a conspiracy to support a charge of joint participation in an offense is admissible even though not alleged in the indictment or information making the charge. (*People* v. *Morales, supra,* 263 Cal.App.2d 368, 374.)

The rules declared in *Aranda* are not applicable to admissible extrajudicial statements by one coconspirator implicating another coconspirator. (*People* v. *Morales, supra,* 263 Cal.App.2d 368, 374; *People* v. *Gant, supra,* 252 Cal. App.2d 101, 111; *People* v. *Hardeman, supra,* 244 Cal.App.2d 1, 37-41.)

The fact the trial court, upon objection, did not admit Daniels' statements as part of the case against Domingo, and limited their admission to the case against Daniels, does not make their admission an *Aranda* error. The order sustaining the objection was a proper exercise of the court's discretion in regulating the order of proof. (Evid. Code, § 1223, subd.

(c).) ■ An *Aranda* error cannot be predicated on the admission of declarations not excludable under *Aranda* principles even though excludable for other reasons, such as the failure of foundational proof, providing evidence furnishing the foundational proof is a part of the case. If, in the case at bench, the prosecution had offered the statements in evidence after admission of the foundational evidence they would have been admissible. The fact the prosecution erred is no reason to set aside the conviction. ■ Whether evidence supports a prima facie showing of conspiracy sufficient to admit the statements of a coconspirator is an issue at law. (*People* v. *Steccone*, 36 Cal.2d 234, 238, 240 [223 P.2d 17]; see also, Witkin, Cal. Evidence (1958) p. 620.) Whether the jury accepts the evidence in reaching a decision is another matter. The question at issue is not whether the jury would have accepted the conspiracy testimony, if permitted to do so, but whether under the state of the record, in light of the whole case, the statements were admissible. Furthermore, as the jury, acting under an instruction to disregard the extrajudicial statements by Daniels, found Domingo guilty, it certainly would have found him guilty absent such an instruction.

■ In addition, essential to Domingo's defense was an explanation by Daniels of the transactions occurring at the former's residence where the latter appeared to obtain the marijuana he delivered to the undercover agent. Daniels supplied the explanation by his testimony that he implicated Domingo to put him on the spot. Of necessity, this explanation involved the total transaction and included the incidents involving the conversations between Daniels and the undercover agent involving Domingo. Permissible examination of Daniels respecting these incidents revealed or would have revealed the fact and contents of the conversations. The evidence thus developed would have been admissible in proof of the fact the conversations had been held. Domingo, through his counsel, cross-examined Daniels and in this manner had him reiterate his direct examination testimony that he had committed a hoax on Domingo. In light of these circumstances, any prejudice to Domingo from the prior admission of Daniels' statements was rendered harmless.

■ Defendant's contention he was convicted of an offense not charged in the indictment nor necessarily included within that offense is premised upon the further contention the jury erroneously was instructed it might find him guilty of selling marijuana if they found he had given away mari-

juana. These contentions were not asserted upon his appeal. No circumstances are shown in excuse for the failure to raise them on appeal. Without passing on the propriety of urging them as a ground for habeas corpus in a post-conviction proceeding, we conclude they are without merit. The jury found Domingo guilty of the offense of selling marijuana as charged in the indictment. That offense, by statutory definition, includes not only the act of selling marijuana, but also the act of giving away marijuana. (Health & Saf. Code, § 11008; *People* v. *Lopez,* 254 Cal.App.2d 185, 188 [62 Cal.Rptr. 47].)

Furthermore, it is apparent from the record the sale which was the subject of the charge in the information was the sale by Daniels to the undercover agent. Domingo participated in that sale by giving the marijuana to Daniels, whether or not he received any consideration. (*People* v. *Taylor,* 52 Cal.2d 91, 94 [338 P.2d 337]; *People* v. *Hutcherson,* 197 Cal.App.2d 771, 779 [17 Cal.Rptr. 636].) Heretofore, on the appeal, we determined the evidence admitted in the case against Domingo supported the finding implied in the verdict that he participated in the sale. In this habeas corpus proceeding he may not assert, in support of his petition, a version of the evidence in conflict with the determination heretofore made. (*In re Lesard, supra,* 62 Cal.2d 497, 503.) The claim Domingo was convicted of an offense other than that charged is without foundation.

The contention habeas corpus should issue because of a claimed total lack of evidence of guilt, together with other errors committed at the trial, is a clear attempt to use the process as a second appeal. We determined the evidence admitted in the case against Domingo supported his conviction, and alleged errors either did not occur or were not prejudicial. He may not use habeas corpus to review again his contentions to the contrary.

The judgment is reversed with instructions to the trial court to deny the petition.

Brown (Gerald), P. J., and Whelan, J., concurred.

A petition for a rehearing was denied January 22, 1969, and petitioner's application for a hearing by the Supreme Court was denied March 5, 1969. Peters, J., was of the opinion that the petition should be granted.